IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALAFALA KHALAFALA,

    Plaintiff,                    No. CIV S-07-0589 GEB DAD P

   vs.

JAN SCULLY, et al.,

    Defendants.            ORDER

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names as defendants Sacramento County Police Officer Joe Doe and Sacramento County District Attorney Jan Scully. Plaintiff alleges that Officer Doe, acting according to instructions from District Attorney Scully, illegally seized his property from May 7, 2004 until June 28, 2004. Plaintiff requests one million dollars in damages.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege

with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.[1]

If plaintiff chooses to file an amended complaint, plaintiff is advised that all defendants must be identified in the caption of his pleading, and all defendants must be named, with position and place of employment, in the section of the form designated for that purpose. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). Plaintiff refers to a "Police Officer Joe Doe," which is the equivalent of naming a "John Doe" defendant. Plaintiff is advised that the court cannot order service of a complaint on defendants not actually named in the amended complaint.

In addition, plaintiff is advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813 (9th Cir. 1994) ("a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy"). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Plaintiff alleges that Officer Doe "illegally seized" his property, but plaintiff also alleges that he seized the property pursuant to District Attorney Scully's instructions. It is not clear from plainitff's

---

[1] In addition, the court will delay consideration of plaintiff's application to proceed in forma pauperis until he files an amended complaint.

1  complaint whether he is alleging that defendants engaged in an authorized or an unauthorized
2  deprivation of property.  Accordingly, if plaintiff chooses to file an amended complaint, plaintiff
3  should include additional factual allegations about the incident, including what property was
4  seized and under what circumstances it was seized.

5          Plaintiff is also advised that prosecutors, such as District Attorney Scully, are
6  absolutely immune from civil suits for damages under § 1983 which challenge activities related
7  to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409
8  (1976).  Determining whether a prosecutor's actions are immunized requires a functional
9  analysis.  The classification of the challenged acts, not the motivation underlying them,
10  determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir.
11  1986)(en banc).  The prosecutor's quasi-judicial functions, rather than administrative or
12  investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution,
13  falsification of evidence, coercion of perjured testimony and concealment of exculpatory
14  evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608
15  F.Supp. 710, 728 (N.D. Cal. 1984).  It is not clear from plaintiff's complaint whether he is
16  alleging that District Attorney Scully was engaged in a quasi-judicial function or administrative
17  and investigative function when she allegedly instructed Officer Doe to seize plaintiff's property.
18  In addition, it is not clear that there is an affirmative link or connection between District Attorney
19  Scully's actions and plaintiff's claimed deprivation, which is required for liability under 42
20  U.S.C. § 1983.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th
21  Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Accordingly, if plaintiff
22  chooses to file an amended complaint, plaintiff should include specific factual allegations about
23  the incident, including under what circumstances District Attorney Scully gave Officer Doe
24  instructions to seize plaintiff's property.

25          Finally, plaintiff is advised that the court cannot refer to a prior pleading in order
26  to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 27, 2007 complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: April 16, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
khal0589.14a

5